CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

Nathan Reardon et al _Plaintiff_

v.

Channel 2 news R _Defendant_
reporters
329 mt. Hope Ave. _Address_
Bangor, ME 04401

"X" the court for filing:
☒ Superior Court ☐ District Court
County: Penobscot
Location (Town): _____
Docket No.: PENSC CIV21-130

**SUMMONS**
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (*street address*) _____, in the Town/City of _____, County of _____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☐ Superior Court, _____, _____, Maine _____
(*Mailing Address*) (*Town, City*) (*Zip*)
before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (*mm/dd/yyyy*): _____

_____ (☐ Attorney for) Plaintiff
_____ Address
_____ Telephone
_____ Email Address

(Seal of Court)

▶ _[signature]_
Clerk

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

STATE OF MAINE

_____ County

On (date) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:

_____

☐ to the above-named Defendant in hand.

☐ to (name) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (name) _____, who is authorized to receive service for Defendant.

☐ by (describe other manner of service): _____

_____

Date (mm/dd/yyyy): _____

▶

_____
Deputy Sheriff Signature

_____
Printed Name

_____
Agency

**Costs of Service:**

| | |
|---|---|
| Service: | $ _____ |
| Travel: | $ _____ |
| Postage: | $ _____ |
| Other: | $ _____ |
| **Total** | $ _____ |

DOCUMENT PREVIEW

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

IN THE SUPERIOR COURT IN AND FOR _____
STATE OF MAINE

Nathan Reardon personally &              CASE NO:. CV-21-
as Manager and CEO of
Taco Shack LLC,

Plaintiffs
v.

TEGNA Inc.,

as owners of News Center Maine,
et al.

Defendant(s)

## COMPLAINT

1. The Plaintiff, Nathan Reardon, proceeding *pro se, and as Manager and CEO of* Taco Shack LLC, a Company that operated lawful business in the State of Maine ,(hereinafter "the Plaintiffs") do hereby files this Complaint against the Defendant, Tenga Incas owners of WGMEs, (hereinafter "the Defendant/ ") and further state as follows:

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this case as the causes of actions being asserted occurred on the basis of Plaintiff's relief sought occurred in this County and Venue is proper in this case as this Court has the authority to hear all cases involving civil causes of actions affecting residents living in and businesses operating in this County.

**THE PARTIES**

**The Plaintiffs**

1

3. The Plaintiff Nathan Reardon at all times preceding this Complaint is a resident of the State of Maine. The Plaintiff Nathan Reardon is a father, inventor, entrepreneur and Manager of Taco Shack LLC, a franchised Taco Shack brand operating in and around the Maine metropolitan area.

**The Defendants**

4. The Defendant TEGNA Inc., owns and operates NEWS CENTER Maine and is operated by a media company that purports to serve the greater good of its communities. Across platforms, TEGNA holds itself out to delivers relevant and trusted content by telling empowering stories, conducting impactful investigations and providing innovative and unparalleled solutions for advertisers through TEGNA Marketing Solutions

## 5. FACTUAL ALLEGATIONS

6. On or about April 15, 2021, the Defendants John Does[1] as News Reporters for the Defendant Tenga Inc. made statements through the Channel 2 News broadcast, inclusive of other mediums such as Facebook and other social media forums.

7. Plaintiffs state that these statements were made through a headline that read as follows, to *wit*

   *"Man from Showhegsn abuses PPP program for personal gain"*

   "Plaintiff asserts that the statements were also broadcasted through social media platforms such as Facebook, Instagram and Twitter and generally through the world wide web and is searchable to the international community.

---

[1] Plaintiff uses the terms "John Does" to refer to those News Reporters who further perpetuated the false statements against the Plaintiff whether acting independently or under the authority of the Defendant Tenga Inc Plaintiff asks the Court to allow these Defendants to be named Pseudonymously for the record.

2

8. Plaintiff asserts that the statements broadcasted by the Defendant are not statements of fact but are willful and flagrant intention to disparage both Plaintiff's name, and business reputation in both written and spoken form.

9. Plaintiff asserts that the allegations made by Defendant, if believed, constitute serious misconduct involving moral turpitude.

10. Plaintiff states the Defendant further allowed third parties acting within its control to further perpetuate the within mentioned untrue statements.

11. Plaintiff states that the Defendant to date has not recanted their story which still remains visible in the public domain.

12. Plaintiff states that the Defendant's disparaging remarks towards Plaintiff through its broadcasting has caused Plaintiff a significant loss of income. Plaintiff asserts that he has had to close his business, the Taco Shack and has exceeded over $15,000.00 in losses monthly. Plaintiff asserts that his future earning capacity has also been ruined as a result of Defendant's continued defaming and negligent violations.

13. Plaintiff further asserts that the Defendant's false statements prevented the second opening of a Taco Shack branch scheduled to open in Bangor since Plaintiff's friends, family and support stuff practically alienated themselves from him.

14. Plaintiff reasserts that Defendants ran a slanderous news story that ~~was factually~~ inaccurate and because of their negative and false broadcasting the Plaintiff has suffered, and continues to suffer irreparable harm.

15. Plaintiff further asserts as its causes of action as follows:

## FIRST CAUSE OF ACTION

## DEFAMATION AND SLANDER PER SE

3

Plaintiff restates the facts and allegations in the preceding paragraphs and further states as follows:

**Defamation**

17. In the State of Maine, for a Plaintiff to establish a prima facie case for Defamation requires proof, by a preponderance of the evidence, of

(1) a false and defamatory statement concerning another;

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence on the part of the publisher; [and]

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Rippett v. Bemis, 672 A.2d 82, 86 (Me. 1996) (quotation marks omitted); see Lester v. Powers, 596 A.2d 65, 69 (Me. 1991); see also Staples v. Bangor Hydro-Elec. Co., 629 A.2d 601, 604 (Me. 1993); Restatement (Second) of Torts § 558 (Am. Law Inst. 1977).

[¶11] "Special harm" in the context of defamation means economic or pecuniary harm. Withers v. Hackett, 1998 ME 164, ¶ 9, 714 A.2d 798; Restatement (Second) of Torts § 575 cmt. b (Am. Law Inst. 1977). A defamatory communication may be actionable without special harm if the defamatory communication would adversely affect the plaintiff in her business or profession, either through spoken words (slander per se) or in written form libel per se). See Cookson v. Brewer Sch. Dep't, 2009 ME 57, ¶ 27, 974 A.2d 276; Ballard v. Wagner, 2005 ME 86, ¶ 10, 877 A.2d 1083.

    18 Plaintiff asserts that

    (1) The Defendant made false and defamatory statement concerning another in the person of the Plaintiff and of his business through a false broadcast

(2) The Defendant's unprivileged publication was made to a third party as persons other than the Plaintiff have also wrongly perpetuated Defendant's statements, even through social media platforms such as Facebook, Instagram and Twitter.

(3) The Defendant's fault has amounted at least to negligence and/or Res ispa loquitor on the part of the Defendant/ publisher; [and]

(4) The Defendant is actionability of the statement irrespective of special harm or the existence of special harm caused by the Defendant's publication.

19. Notwithstanding the foregoing, and based off of the the above stated facts referenced in paragraphs 5 through 16 the Plaintiff also claims damages against the Defendant for Slander per se.

20. Plaintiff states that slander per de refers to spoken defamatory statements that "relate to a profession, occupation or official station in which the plaintiff was employed. Malice is implied as a matter of law in such cases, and the claimant may recover compensatory damages without proving special damages." Saunders v. VanPelt, 497 A.2d 1121, 1124-25 (Me. 1985).

21. Plaintiff, in light of the foregoing claims damages against the Defendant for the Defendant's defamation in the amount of $750,000.

## SECOND CAUSE OF ACTION

### A Civil Wrong and/or Constitutional violations

22. The Supreme Court's plainest description of a cause of action came in *Davis v. Passman*. 442 US 228 (1979). In that case, Shirley Davis sought damages from Representative Otto Passman for a violation of her right to equal protection under the Fifth and Fourteenth Amendments. Id. at 230–31, 242. Id. at 230–31, 242. As part of its analysis, the Court defined

5

the concept itself. A cause of action exists, the Court explained, if the "plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court." With the ability "to invoke the power of the court," Davis also makes clear that there are two ways to create a cause of action.

23. First, Congress might create one itself. In enacting a statute, Congress might bestow on those who are injured by the violation of the statute the power to seek relief from the wrongdoer. However, Congress can create causes of action for reasons other than to enforce statutory violations. Congress is free to create them in the constitutional realm as well, as it did with the so-called § 1983 action. Nevertheless, if Congress does not create a cause of action, the federal courts may do so. Such causes of action are known as "implied causes of action" Id. because the mere existence of a right implies, in some sense, their existence. Although Davis is only a single case, both courts and scholars have frequently relied upon its formulation of the cause of action. Moreover, neither courts nor scholars have ever discredited the formulation.

24. Further, a judicially created cause of action often relates closely to rights. When federal courts are faced with the question of whether to create a cause of action, they often look for the cause within the right itself. Federal courts have found a cause of action to enforce one's due process rights "implicit in the Fifth Amendment" or to enforce one's right to humane treatment in prison "implied . . . from the Eighth Amendment." Id.

25. In sum In determining whether to imply a cause of action, the federal courts look to "congressional intent to provide a private remedy." Similarly, the availability of a cause of action often turns on the nature of the remedy sought. See. Va. *Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1102 (1991)).

26. Plaintiff in light of the foregoing asserts that he makes an honest living as a businessman to the extent that his name and reputation coincides with his business enterprise the Taco Shack and prospective clientele rely on Plaintiff being an honest person in the public domain. Plaintiff states that he is no celebrity but a hard working man and that the Defendant's disparaging and false statements broadcasted through the Channel 2 News has caused Plaintiff a denial of his life liberty and the pursuit of property as is constitutionally guaranteed to him. Plaintiff asserts that based on the civil wrong predicated against him and his business reputation associated with the Taco Shack by the Defendants, a purported major broadcasting network, the Defendant should be held liable for its civil wrongdoing in placing Plaintiff in a negative light causing Plaintiff irreparable harm in the loss of his future earning capacity, As for this cause of action, Plaintiff claims damages against the Defendant in the amount of $750,000.

## PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff prays for the following relief :
    (i) Damages against the Defendant for the Defendant's Defamation in the amount of $1,500,000.
    (ii) Damages against the Defendant for the Defendant's Civil Wrong and/or punitive damages in the amount of $5,500,000.00

Plaintiff seeks a total damage award in the amount of $7,000,000 and demands a trial by jury on all issues triable.

Respectfully Submitted

s/Nathan Reardon

Nathan Reardon
Plaintiff, Pro Se

Dated:November 27, 2021

7

## CERTIFICATE OF SERVICE

I Plaintiff Nathan Reardon, acting pro se, hereby certified that on 29th day of November 2021 a copy of the foregoing Complaint was sent to the following through US Certified Mail:

Tenga Inc
8350 Broad Street Suite 2000.
Tysons, VA 22102

/ Nathan Reardon

Nathan Reardon
693 Stillwater Ave.
Bangor, ME 04401
Plaintiff, Pro Se
561-757-0065
nathan@nathanreardon.com

8

 Kennebec Journal

Skowhegan man charged with using PPP loan for barber pole light ...

1 day ago

---

📰 The Portland Press Herald

Skowhegan man charged with using PPP loan for a barber pole light ...



 1 week ago

---

📰 News Center Maine

Man from Skowhegan abuses PPP program for personal gain.



1 day ago

---

📻 Q106.5

Bangor, Maine News Update: April 12, 2021 - q1065.fm



4 days ago

