UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | )   1:21-cv-00356-JDL |
| | ) |
| TEGNA EAST COAST | ) |
| BROADCASTING, LLC, | ) |
| | ) |
|    Defendant. | ) |

**ORDER ON DEFENDANT'S MOTIONS TO DISMISS**

Plaintiff Nathan Reardon, proceeding pro se, alleges that Defendant TEGNA East Coast Broadcasting, LLC ("Tegna") defamed him and invaded his privacy by portraying him in a false light (ECF No. 13). Tegna removed this case to this Court (ECF No. 1), claiming diversity jurisdiction. Tegna now moves to dismiss (ECF Nos. 5, 16) both causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, I grant Tegna's motions to dismiss.[2]

**I. BACKGROUND**

The U.S. Attorney for the District of Maine filed a criminal complaint against Reardon on April 8, 2021, charging Reardon with bank fraud in connection with the

---

[1] Reardon's original complaint (ECF No. 1-1) alleged defamation and a second claim for "Civil Wrong and/or Constitutional violations." ECF No. 1-1 at 7. Tegna filed a motion to dismiss (ECF No. 5) as to both claims. In response, Reardon amended his complaint (ECF No. 6) to replace the civil wrong/constitutional violation claim with a claim for false light invasion of privacy. Tegna rests on its original motion to dismiss as to Reardon's defamation claim and filed a second motion to dismiss (ECF No. 16) to address Reardon's false light claim.

[2] Without having sought permission, Reardon filed a second response memorandum (ECF No. 20) opposing Tegna's second motion to dismiss. Nothing contained in Reardon's second memorandum alters my analysis or conclusions.

1

Paycheck Protection Program ("PPP"), a federal loan program, and attempted wire fraud in connection with a second federal loan program.[3] Compl., *United States v. Reardon*, No. 1:21-cr-00061-LEW-1 (D. Me. Apr. 8, 2021), ECF No. 1. Tegna owns and operates Channel 2 News Center Maine, a televised news program. Reardon alleges that on or about April 15, 2021, News Center Maine broadcasted a single defamatory statement related to the criminal complaint: "Man from Showhegsn [sic] abuses PPP program for personal gain." Although Reardon's amended complaint is somewhat ambiguous on this point, it appears to allege that this statement was spoken by reporters during a Channel 2 News Center Maine broadcast and disseminated online in some capacity. Reardon also alleges that his name was somehow "tagged" with the statement and that the news story contained his name. ECF No. 13 ¶ 26(2). According to Reardon, "Man from Showhegsn [sic] abuses PPP program for personal gain" is false because it implies that he had been convicted of a crime.

## II. ANALYSIS

A.   **Rule 12(b)(6)**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52-53 (1st Cir. 2013) (quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)). Additionally, a court may consider

---

[3] Reardon has since been indicted on five counts of bank fraud, three counts of wire fraud, two counts of making false statements to a bank, and one count of perjury. Indictment, *United States v. Reardon*, No. 1:21-cr-00061-LEW-1 (D. Me. May 13, 2021), ECF No. 20.

information "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id.* at 53 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)). Although conclusory legal statements "can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, the complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes*, 711 F.3d at 53 (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)).

**B.    Defamation**

In Maine, defamation consists of "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (quoting Restatement (Second) of Torts § 558 (Am. L. Inst. 1977)). The First Amendment dictates that, "where a [media defendant] publishes speech of public concern, a private-figure plaintiff" bears the burden to "show[] that the statements at issue are false." *Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 768-69 (1986); *accord Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 108 (1st Cir. 2000); *Ramirez v. Rogers*, 540 A.2d 475, 477 (Me. 1988).

Matters of public concern "are those that can be 'fairly considered as relating to any matter of political, social, or other concern to the community,'" as opposed to "matters of private concern, which are those that address 'matters only of personal

3

interest.'" *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 132 (1st Cir. 1997) (quoting *Connick v. Myers*, 461 U.S. 138, 146-47 (1983)); *accord Franchini v. Bangor Publ'g Co.*, 383 F. Supp. 3d 50, 59 (D. Me. 2019). The "relevant community need not be very large and the relevant concern need not be of paramount importance or national scope." *Levinsky's*, 127 F.3d at 132. Whether a statement addresses a matter of public concern turns on content, form, and context. *Id.*; *Franchini*, 383 F. Supp. 3d at 59. Two examples of matters of public concern are public allegations that someone is involved in criminal activity and consumer complaints of non-criminal conduct by an individual or business. *See Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284, 1292 (9th Cir. 2014); *see also Reuland v. Hynes*, 460 F.3d 409, 418 (2d Cir. 2006).

Tegna argues that Reardon bears the burden to show falsity because Tegna is a media defendant and because the allegedly defamatory statement addresses a matter of public concern. Reardon agrees that Tegna is a member of the media. It is unclear whether Reardon disputes that Tegna's statement addressed a matter of public concern, although he does argue that Tegna was not a party to the criminal case and thus "had no business broadcasting a statement of which [Tegna] had no conclusive facts of its truth." ECF No. 6 at 2. Applying the content/form/context test, the statement's content relates to abuse of a federal loan program, the form is a news broadcast, and the context is that Reardon had recently been charged with bank fraud in connection with the PPP. For those reasons, the statement "Man from Showhegsn [sic] abuses PPP program for personal gain" addresses a matter of public concern, not a matter of purely personal interest.

Accordingly, Reardon bears the burden of showing the statement's falsity, and his amended complaint states a claim for defamation only if he plausibly provides "factual underpinning of how the statement[] [is] false." *Pan Am Sys., Inc. v. Hardenbergh*, 871 F. Supp. 2d 6, 16 (D. Me. 2012). Tegna argues that Reardon has not plausibly alleged facts that, if true, would establish falsity.

As mentioned above, Reardon asserts that "Man from Showhegsn [sic] abuses PPP program for personal gain" is false because he has not been convicted and the statement implies otherwise. His argument appears to rest on a misinterpretation of the principle that a criminal defendant is presumed innocent until proven guilty. "The presumption of innocence is a doctrine that allocates the burden of proof in criminal trials; it also may serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial." *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). The presumption of innocence does not also dictate that allegations of criminal conduct are necessarily a false description of reality unless and until a defendant is convicted. More importantly, the statement "Man from Showhegsn [sic] abuses PPP program for personal gain" does not specify that the abuse was criminal in nature. Thus, the truth of the allegedly defamatory statement does not depend on whether Reardon committed the crime with which he is charged because it is possible for a person to abuse the PPP in a way that does not establish the elements of a crime.

Because Reardon's amended complaint fails to sufficiently plead that the allegedly defamatory statement is false, he has failed to plead an essential element of his defamation claim and it is properly dismissed.[4]

## C.     False Light Invasion of Privacy

Reardon also alleges that Tegna invaded his privacy by portraying him in a false light when Tegna made the allegedly defamatory statement.  "One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."  *Cole v. Chandler*, 2000 ME 104, ¶ 17, 752 A.2d 1189, 1197 (quoting Restatement (Second) of Torts § 652E).

When a false light claim "is simply a restatement of [a] defamation claim under a different heading . . . , it is not imaginable that it could escape the same constitutional constraint[s] as [the] defamation claim."  *Brown v. Hearst Corp.*, 54 F.3d 21, 27 (1st Cir. 1995); *accord Riley v. Harr*, 292 F.3d 282, 298 (1st Cir. 2002). Accordingly, a plaintiff suing a media defendant over a statement addressing a matter of public concern "would still have to show . . . falsity."  *Brown*, 54 F.3d at 27. "[T]hose statements that we rejected because plaintiffs failed to establish that they

---

[4] Tegna also argues that the defamation claim should be dismissed because the broadcast as a whole makes clear that Reardon has not been convicted.  However, the content of the broadcast is not in the motion-to-dismiss record, beyond the allegedly defamatory statement and the fact that the broadcast allegedly named Reardon.

6

were materially false cannot support a false light claim any more than they can a defamation claim." *Veilleux*, 206 F.3d at 134; *accord Pan Am Sys.*, 871 F. Supp. 2d at 18. For this reason, Reardon's false light claim is also properly dismissed.

### III. CONCLUSION

Tegna's motions to dismiss (ECF Nos. 5, 16) are **GRANTED**. The amended complaint (ECF No. 13) is **DISMISSED**.

**SO ORDERED.**

**Dated: June 23, 2022**

                                                               /s/ JON D. LEVY
                                                        **CHIEF U.S. DISTRICT JUDGE**